**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**SHERRI WHITEHEAD**                                                                                      **PLAINTIFF**
on behalf of T.W., a minor child

v.                                            No. 4:13CV00636–KGB-BD

**CAROLYN W. COLVIN, Acting Commissioner,**                                     **DEFENDANT**
**Social Security Administration**

## RECOMMENDED DISPOSITION

### Instructions

The following recommended disposition will be sent to U.S. District Judge Kristine G. Baker.  A party to this dispute may file written objections to this recommendation.  An objection must be specific and state the factual and/or legal basis for the objection.  An objection to a factual finding must identify the finding and the evidence supporting the objection.  Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  The objecting party must serve the opposing party with a copy of her objections.  Failing to object within 14 days waives the right to appeal questions of fact.  *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994).  If no objections are filed, Judge Baker can adopt the recommended disposition without independently reviewing all of the record evidence.

**Report and Recommendation**

Sherri Whitehead seeks judicial review of the denial of her application for supplemental security income ("SSI") for her daughter, T.L.W. (SSA record at 100-105, 109) Ms. Whitehead based her daughter's disability claim on attention deficit hyperactivity disorder ("ADHD"), a learning disability, and problems with fine motor skills. (*Id*. at 62, 71) Ms. Whitehead claimed T.L.W. had been disabled since her birth in August 2009, but T.L.W. was not eligible for SSI before February 2011, because that is when Ms. Whitehead applied for SSI. *See* 20 C.F.R. § 416.335; *Cruse v. Bowen*, 867 F.2d 1183, 1185 (8th Cir. 1989). Thus, this case considers whether T.L.W. was disabled when Ms. Whitehead applied for SSI (when T.L.W. was 11 years old) until the ALJ issued the unfavorable decision (when T.L.W. was 13 years old).

**The Commissioner's Decision**

After considering the application, the Commissioner's ALJ determined that T.L.W. had a severe impairment, ADHD, but that she lacked an "extreme" limitation in one of six specified functional domains, or a "marked" limitation in at least two domains. (*Id*. at 26-36) Thus, the ALJ concluded that T.L.W. was not disabled and denied the application.

After the Commissioner's Appeals Council denied a request for review, the ALJ's decision became a final decision for judicial review. (*Id*. at 1-3) Ms. Whitehead filed this case to challenge the decision. (Docket entry #2) In reviewing the decision, the court must determine whether substantial evidence supports the decision and whether the ALJ

made a legal error.  *See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (explaining that the court will uphold the decision if it lacks legal error and is supported by substantial evidence).  This recommendation explains why substantial evidence supports the ALJ's decision.

### Ms. Whitehead's Allegations

Ms. Whitehead generally challenges the ALJ's determination that T.L.W. was not disabled.  She maintains that T.L.W. had marked limitations in her ability to acquire and use information, attend and complete tasks, and care for herself.  Ms. Whitehead also argues T.L.W. had severe limitation in interacting and relating with others.  For those reasons, she argues, substantial evidence does not support the ALJ's decision.

### Applicable Legal Standard

A child is disabled if she has "a medically determinable physical or mental impairment, which results in marked and severe functional limitations…which has lasted or can be expected to last for a continuous…12 months."  42 U.S.C. § 1382c(a)(3)(C)(I).  If a child has a "marked" limitation in at least two of six functional domains, or an "extreme" limitation in one domain, the ALJ will determine that the child is disabled.  20 C.F.R. § 416.926a(a).  Because Ms. Whitehead maintains that T.L.W. had a severe limitation in one domain and marked limitation in three other domains, the court will

consider whether a reasonable mind would accept the evidence as adequate to support the ALJ's determination as to each of these domains. *Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990).

**Acquiring and Using Information**

This domain considers how well a child acquires or learns information, and how well the child uses information she has learned. 20 C.F.R. §416.926a(g). For a school-aged child like T.L.W. was during the relevant time period, the ALJ considers whether the child can go to school and learn to read, write, do math, and discuss history and science. 20 C.F.R. § 416.926a(g)(2)(iv). The child should be able to use increasingly complex language to share information and ideas with individuals or groups by asking questions and expressing her own ideas, and by understanding and responding to the opinions of others. *Id*. The ALJ found that T.L.W. had a less-than-marked limitation in this domain. (SSA record at 32) The court must determine whether a reasonable mind would accept the evidence as adequate to support that finding. *Britton v. Sullivan*, 908 F.2d at 330.

In January, 2009, T.L.W. was given the Wechsler Intelligence Scale for Children – Fourth Edition, and her full scale IQ was 84. (SSA record at 197) A score of 84 placed her in the low average range of intelligence. (*Id*. at 196-97)

T.L.W.'s teachers reported that she had only "slight" problems acquiring and using information (*Id*. at 301); liked to read instead of doing class work (*Id*); and worked well

independently as well as in a group setting.  (*Id*.)  Her seventh-grade math teacher reported that T.L.W. had no problem in the domain of acquiring and using information; and her social studies teacher reported marked limitation in one sub-category of the domain – comprehending and doing math problems.  (*Id*. at 309, 320)

George DeRoeck, Psy.D., wrote that T.L.W. could maintain adequate attention and concentration, could persist at tasks until complete, and was able to work within acceptable time frames.  (*Id*. at 267, 269)  At school, T.L.W. participated in regular classes, but did receive special education services.  (*Id*. 267, 347, 365, 371)  School records indicate that she was successful in regular classes, had not repeated a grade, and in seventh grade had passed all of her classes.  (*Id*. 185, 264, 347)

A reasonable mind would accept the evidence as adequate to support the ALJ's determination that T.L.W. had a less-than-marked limitation because:  T.L.W. was tested according to industry standards; testing showed a low average range of intelligence; and academic records showed that she did not have marked or extreme limitation in her ability to acquire and use information.  On the record as a whole, the evidence supports less-than-marked limitation in this domain.  *Pepper ex rel. Gardner v. Barnhart*, 342 F.3d 853, 856 (8th Cir. 2003).

**Attending and Completing Tasks**

This domain considers how well a child begins, carries through, and finishes activities, including the pace at which the child performs activities and the ease with

which the child changes activities. 20 C.F.R. § 416.926a(h). For a school-aged child, the ALJ considers whether the child is able to focus her attention in a variety of situations in order to follow directions, to remember and organize her school materials, and to complete classroom and homework assignments. 20 C.F.R. § 416.926a(h)(2)(iv). The ALJ found that T.L.W. had a less-than-marked limitation in this domain. (SSA record 33) The question before the court is whether a reasonable mind would accept the evidence as adequate to support that finding. *Britton v. Sullivan*, 908 F.2d at 330.

The regulations provide for a marked limitation when a child's impairment interferes seriously with her ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2). Jean-Claude Ambroise, CFII-A, LPC, who evaluated T.L.W. on February 23, 2012, noted that T.L.W. demonstrated active participation in testing, displayed great effort and cooperation, understood all instructions given, was not easily distracted, and worked diligently without the need for much prompting. (SSA record at 348) As mentioned above, Dr. DeRoeck also found that T.L.W. maintained adequate attention and concentration, persisted until tasks were completed, and was able to work within an acceptable time frame. (*Id*. at 269)

T.L.W.'s seventh-grade social studies teacher reported that T.L.W. had marked problems in attending and completing tasks; however, her seventh-grade math teacher and her sixth-grade language arts and social studies teachers reported that T.L.W. generally had no problem attending and completing tasks. (*Id*. at 302, 310) One sixth-grade

teacher noted problems in completing assignments–but commented that this was because T.L.W. would rather read than do class assignments. (Tr. 302)

A reasonable mind would accept the evidence as adequate to show a less-than-marked limitation in this domain because the record does not show a serious interference with T.L.W.'s ability to independently initiate, sustain, or complete activities.

**Interacting and Relating With Others**

This domain considers how well a child initiates and sustains emotional connections with others, develops and uses the language of her community, cooperates with others, complies with rules, and responds to criticism. 20 C.F.R. § 416.926a(I). For a school-aged child, the ALJ considers whether the child can develop more lasting friendships with children her age; whether the child can work in groups and solve problems; and whether the child is able to talk to people, share ideas, tell stories, and speak in a manner that both familiar and unfamiliar listeners can understand. 20 C.F.R. § 416.926a(i)(2)(iv). The ALJ found that T.L.W. had a less-than-marked limitation in this domain. (SSA record at 34)

Ms. Whitehead contends T.L.W. had severe limitation in this domain. (#11 at p. 13) The court must determine whether a reasonable mind would accept the evidence as adequate to support the ALJ's finding that her limitation in this domain is less than marked.

As the ALJ pointed out, two of T.L.W.'s teachers reported no problem in this domain. (SSA record at 34, 303, 311) Another teacher reported that T.L.W. had problems functioning in this domain, including serious problems with attention seeking, expressing anger, following rules, obeying adults, and relating experiences, but the teacher also reported that interaction in a small group had successfully helped the claimant open up. (*Id*.)

T.L.W.'s mother reported significant behavior problems.[1] (*Id*. at 34, 51-52, 242, 256) The ALJ noted Ms. Whitehead's reports, but afforded them little weight. (*Id*. at 34) There is substantial evidence to support the ALJ's determination, given that examiners questioned the veracity of Ms. Whitehead's reports of T.L.W.'s behavior, and the examiners' notes of Ms. Whitehead's noncompliance with treatment, including her failure to give T.L.W. her prescribed medication prior to her consultative assessment. (*Id*. at 226, 269, 283, 363) In August, 2010, T.L.W. reported to her social worker that she had problems at school and felt like she could not relate to other children her age. (*Id*. at 237) On September 10, 2010, Jeff Palmer, M.D., reviewed T.L.W.'s medications and recommended a change. A month later, T.L.W. was involved in a fight with another student, but she reported having friends at school that she talked to and played with. (*Id*. at 232) She also reported that she was getting along with her sisters better at home. (*Id*.)

---

[1] Ms. Whitehead reported that T.L.W. allowed a friend to cut her in September, 2010. (*Id*. at 256) But T.L.W. denied any history of self-injurious behavior. (*Id*.)

T.L.W. reported continued improvement in October, 2010. (*Id*. at 225) In November, 2010, T.L.W. moved to a new school and reported making friends. (*Id*. at 221, 223)

Mr. Ambroise, who examined T.L.W. during the relevant time period, noted that T.L.W. was cooperative, was able to interact with him, and she had a good sense of humor. (*Id*. at 348) Dr. DeRoeck also reported that T.L.W. was able to communicate effectively, and was able to engage in social activities such as going bowling, going to church, and playing basketball. (*Id*. at 273) A Little Rock School District annual review noted that T.L.W. worked well in small groups when monitored and interacted well with her peers of the same age. (*Id*. at 374)

A reasonable mind would accept the evidence as adequate to show T.L.W. had a less-than-marked limitation in interacting and relating with others because the evidence does not show a serious interference with her ability to initiate and sustain emotional connections with others during the relevant time period.

**Caring for Yourself**[2]

This domain considers how well a child maintains a healthy emotional and physical state, including how well the child gets her physical and emotional wants and needs met in appropriate ways; how the child copes with stress and changes in her environment; and whether she takes care of her own health, possessions, and living area.

---

[2]Ms. Whitehead concedes that T.L.W. had no limitation in the domain of moving and manipulating objects, and had no more than a moderate limitation in the domain of health and physical well-being. (#11 at pp. 14-17)

20 C.F.R. § 416.926a(k). For a school-aged child, the ALJ considers whether the child is independent in most day-to-day activities, whether she can recognize right from wrong and demonstrate control of her behavior, and imitate the behavior of adults she knows. 20 C.F.R. § 416.926a(k)(2)(iv). The ALJ found that T.L.W. had a less-than-marked limitation in this domain. (SSA record at p. 35) The question is whether a reasonable mind would accept the evidence as adequate to support that finding.

Ms. Whitehead argues that T.L.W. had marked limitation in this domain because she required a great deal of help with her hygiene. According to Ms. Whitehead, T.L.W. was unable to wash her hair, dress, or bathe properly. (*Id*. 53, 269) The ALJ again appropriately gave little weight to Ms. Whitehead's testimony based on Dr. DeRoeck's report that she had exaggerated T.L.W.'s symptoms and Linda K. VanBlaricom's note that Ms. Whitehead failed to provide T.L.W. her prescribed medication prior to her evaluation. (*Id*. at 36, 264, 269)

Moreover, the ALJ noted that two out of three of T.L.W.'s teachers reported no problem in this domain. (*Id*. at 36, 305, 312) Evaluators of T.L.W. noted that she was well-groomed and appropriately dressed, with no obvious deficiencies in this area. (*Id*. at 257, 267)

A reasonable mind would accept the evidence as adequate to show that T.L.W. had a less-than-marked limitation in this domain because there is no evidence of a serious inability to care for herself.

**Conclusion and Recommendation**

Substantial evidence supports the decision that T.L.W. was not disabled, because the evidence shows neither an extreme limitation in one domain nor a marked limitation in two domains. The ALJ made no legal error. For these reasons, the Court recommends DENYING the request for relief and AFFIRMING the decision denying the application.

DATED this 27th day of June, 2014.

_____
UNITED STATES MAGISTRATE JUDGE